SHUR-LOC ELEVATOR SAFETY Co., INC., Respondent, *v.* WILLIAM F. PURCELL and UNIVERSAL PROTECTIVE APPLIANCE Co., INC., Appellants.

First Department, April 29, 1921.

Master and servant — agreement by employee to assign rights to any inventions and applications for patents made while in employer's service — judgment restraining such employee after leaving his employment from using inventions made while so employed and requiring him and corporation organized by him to make assignment to his former employer does not preclude said employee and corporation from using devices open to inspection and not patentable by reason of lack of novelty.

Where an employee of a company engaged in the construction of safety devices upon elevators, after agreeing to assign to said company all his rights to any invention calculated to improve or perfect the device he was employed to work on and to set over any application for patents for such device to said company, left its employment and organized a corporation to which he gave full information as to the devices which he had invented as improvements upon the devices theretofore used by his employer in its work, a judgment restraining such employee and the corporation organized by him from manufacturing or otherwise using the devices invented or devised by him while in the employ of said company, and further requiring him and the corporation organized by him to disclose and transfer to said company all devices, etc., which he might at any time develop relating to the mechanical safetyfying of elevators, does not preclude said employee and the corporation organized by him from using any device which was not patentable by reason of lack of novelty and which was not a secret device because attached to an elevator in such a way that it was open to inspection and examination by any one interested.

APPEAL by the defendants, William F. Purcell and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of February, 1921, denying defendants' motion to set aside an interlocutory judgment herein and granting a new trial because of newly-discovered evidence, or, in the alternative, that the said judgment be modified or changed in certain respects.

*Benjamin Reass* of counsel [*Hugo Hirsh* and *Emanuel Newman* with him on the brief; *Hirsh, Newman & Reass*, attorneys], for the appellants.

*Woolsey A. Shepard* of counsel [*Thomas & Houghton*, attorneys], for the respondent.

SMITH, J.:

The plaintiff is engaged in the construction of safety devices upon elevators. In this action the court has found that the defendant Purcell entered into an oral contract to assign to the plaintiff " all his rights to any invention calculated to improve or perfect the device he was employed to work on, and to set over any application for patents for such device to the plaintiff." The defendant Purcell entered the employment of the plaintiff first to give expert advice as to the improvement of the existing devices relative to the construction by the plaintiff of these safety appliances and he was engaged for nearly a year in this employment. He afterwards entered the regular employment of the plaintiff as a superintendent and devoted his time and his skill to the perfection and installment of these safety appliances, with the agreement heretofore mentioned, to assign all his rights to such inventions to the plaintiff. After having been in the service of the plaintiff for a year he organized the defendant corporation and gave to the corporation full information as to the devices which he had invented as improvements upon the devices theretofore used by the plaintiff in its work. Judgment was entered in the action May 13, 1918, which restrained the defendants and each of them " from manufacturing, selling, installing or otherwise using the device or devices for the safetifying of elevators now and heretofore manufactured, sold, installed or used by them, or either of them, heretofore invented or devised by defendant Purcell while in the plaintiff's employment," and further requiring Purcell " to disclose and transfer to the plaintiff any and all devices, improvements or inventions which he might at any time develop, invent or devise, relating to the mechanical safetifying of elevators," in accordance with his agreement, and that the assignment to the defendant corporation be declared void and that both defendants execute and deliver

First Department, April, 1921.          [Vol. 196

to plaintiff " a good and sufficient assignment of any interest in any devices, improvements or inventions or any applications for patents thereon in connection with the mechanical safetifying of elevators, heretofore invented or devised by said defendant Purcell while in plaintiff's employment." That judgment was appealed to this court and was affirmed. (See 185 App. Div. 888.) At the time of the trial of the action defendant Purcell had made application for letters patent covering about fifteen claims, two of which were allowed and thirteen of which were disallowed because of lack of novelty. The defendants, thereupon, have made application for a new trial on the ground of newly-discovered evidence or for a modification of the judgment so that the defendant shall not be restrained from using the devices made by Purcell upon which patents were refused for lack of novelty.

It will be noticed that this agreement is not an agreement to refrain from divulging any secret process of the plaintiff, but is an agreement to assign to the plaintiff all inventions or devices which he may have made theretofore or which he may thereafter make while in the plaintiff's employ. This clearly gives to the plaintiff the right to an assignment of any invention or device which is patentable and even to an assignment of any application which had not been acted upon by the Patent Office. But an assignment of a device which is not patentable would give to the plaintiff no rights, and in respect to these elevators, while the devices are subject to inspection and can be seen by any person who should be interested to inspect them, the disclosure to another party of the nature of that device, or the subsequent use thereof by the party himself after he left the employment of the plaintiff would not be a disclosure of any confidential information which he has obtained, nor would it be a use of any device to which any party is given any exclusive right by any letters patent. Of course, as to those devices which were patentable, a different question would arise, and as to those the defendants do not seek to modify the judgment. As we read the decree entered herein we think that a fair interpretation thereof would not preclude the defendants from using any device which was not patentable, by reason of lack of novelty, and which was not a secret device, because attached

to an elevator in such a way that it was open to inspection and examination by any one interested to inspect the same. This interpretation is supported by the opinion of the learned justice who tried the case. With this interpretation of the decree the defendants do not need the relief for which they ask, and, with the right to make use of such devices as were not novel and were not concealed, the application was properly denied and the order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.